IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>PACIFIC THOMAS CORPORATION, dba PACIFIC THOMAS CAPITAL, dba SAFE STORAGE,<br><br>　　　　Debtor<br>_____ / | No. C-14-5325 MMC<br><br>Bankruptcy Case No. 14-54232 MEH<br><br>**ORDER AFFIRMING BANKRUPTCY COURT'S ORDER OF NOVEMBER 14, 2014** |

　　　Before the Court is appellant Randall Whitney's appeal from the bankruptcy court's "Order Re Violation of the Automatic Stay," filed November 14, 2014, by which the bankruptcy court (1) found appellant violated the automatic stay provisions of the Bankruptcy Code when he recorded four lis pendens in the Alameda County Recorder's Office and (2) directed appellant to expunge the four lis pendens. Having reviewed the respective briefs filed by the parties, the Court rules as follows.

　　　1. The Court finds it has jurisdiction to consider the appeal. See In re Pizza of Hawaii, Inc., 761 F.2d 1374, 1377 (9th Cir. 1985) (holding "federal court must determine sua sponte its proper jurisdiction").

　　　First, although the challenged order is interlocutory in nature, as it did not resolve all claims asserted in the application filed by appellee Kyle Everett in the bankruptcy court

//

(see Appl., filed November 10, 2014),[1] the Court, pursuant to 28 U.S.C. § 158(a)(3), will exercise its discretion to hear the matter, given the challenged order "resolve[s] the vast majority of the dispute between the parties" with respect to the claims set forth in appellee's application of November 10, 2014 and is, in substance, a "mandatory injunction." See First Owners' Ass'n v. Gordon Properties, LLC, 470 B.R. 364, 371-72 (E.D. Va. 2012) (setting forth circumstances under which district court may properly exercise discretion to hear appeal from interlocutory order).

Second, contrary to appellee's argument, although the subject real property has been sold by appellee to a third party, the sale neither moots the instant appeal nor deprives appellant of standing to challenge the bankruptcy court's order, as the underlying state court action remains pending,[2] and a ruling by this Court in favor of appellant would reinstate the four lis pendens. See Cal. Civ. Proc. Code § 405.24.

2. The bankruptcy court did not err in finding appellant's recordation of the four lis pendens constituted an act in violation of the automatic stay. The Bankruptcy Code precludes "any act . . . to exercise control over property of the estate." See 11 U.S.C. § 362(a)(3). By recording a lis pendens, the recording party necessarily asserts he has filed a state court action that "would, if meritorious, affect . . . title to, or the right to possession of, [the subject] real property," see Kirkeby v. Superior Court, 33 Cal. 4th 642, 647 (internal quotation and citation omitted), thus preventing "a buyer of the real property from claiming bona fide purchaser status with respect to the asserted claim," see In re Brooks-Hamilton, 348 B.R. 512, 525 (Bankr. N.D. Cal. 2006). Where, as here, the subject real property is the property of a bankruptcy estate, recordation of a lis pendens "interferes

---

[1] In his application, appellee, in addition to seeking the relief granted by the bankruptcy court in the order that is the subject of the instant appeal, sought an order finding appellant to be in contempt of court, as well as imposition of monetary sanctions. (See Application, filed November 10, 2014, at 8-9.) The additional relief sought by appellant was addressed by the bankruptcy court in a separate order, filed January 29, 2015.

[2] According to appellee, the state court stayed the underlying action. To the extent appellee argues the state court action lacks merit and/or is moot, and thus is subject to dismissal, such argument is not appropriately directed to this Court.

with a bankruptcy trustee's attempt to sell the real property," given that such recordation "creates a cloud on title," and, consequently, is an act that "qualifies as the exercise of control over the real property." See id.

3. Appellant has failed to show that the bankruptcy court, after finding the recordation of the four lis pendens constituted a violation of the automatic stay, erred by directing appellant to expunge them. First, issuance of such an injunction was proper, given that "violations of the automatic stay are void"; in order words, appellant had no right to record the four lis pendens even if appellant had not challenged the act. See In re Schwartz, 954 F.2d 569, 571 (9th Cir. 1992) (noting acts in violation of automatic stay "are void without the need for direct challenge"). Second, appellant has failed to show he was prejudiced by the bankruptcy court's decision to hear the matter on shortened time, as appellant was afforded and availed himself of the opportunity to file opposition prior to the hearing and to present oral argument at the hearing, and does not contend there was any argument he was unable to make or evidence he was unable to present under the schedule set by the bankruptcy court.

## CONCLUSION

For the reasons stated above, the bankruptcy court's Order Re Violation of the Automatic Stay is hereby AFFIRMED.

**IT IS SO ORDERED.**

Dated: February 25, 2016

MAXINE M. CHESNEY
United States District Judge

3